## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

### CIVIL ACTION NO. 3:24-cv-00277-RGJ

**CHAPRECIOUS TRABUE**                                                          **PLAINTIFF**

v.                                              **ANSWER**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT** *et al.*                                      **DEFENDANTS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

        Comes the Defendants, Louisville Metropolitan Department of Corrections and Director

Jerry Collins, Sgt. Ochoa, and Officer Salman, in their *individual capacity only* (hereinafter

"Defendants"), by counsel, for their Answer to the Complaint filed herein states as follows:

### FIRST DEFENSE

        1.      Defendants make no response to ¶¶ 1, 2, 4, 5, 7, 12, 13, 14, 15, 16, 17, 103, 104,

126, 133, and 135 of Plaintiff's Complaint as the same appears to call for a legal conclusion, and

therefore has not been properly pled and for which no response is required. However, to the extent

that such paragraph can be interpreted as asserting any allegation against the Defendants, the same

are hereby generally and specifically denied.

        2.      Defendants are without sufficient information or knowledge to admit or deny the

truth or falsity of the allegations contained in ¶¶ 3, 6, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 30, 31,

32, 33, 34, 35, 43, 53, 54, 55, 56, 57, 58, 59, 60, 61, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77,

78, 79, 80, 81, 82, 83, 84, 85, 86, and 87 of Plaintiff's Complaint and therefore deny the same.

        3.      Defendants admit so much of ¶¶ 8 and 9 of Plaintiff's Complaint in that Sgt. Ochoa

and Ofc. Slaman were employs of LMDC but make no response to the remainder of the paragraphs

as the same calls for a legal conclusion, and therefore has not been properly pled and for which no response is required. However, to the extent that such paragraph can be interpreted as asserting any allegation against the Defendants, the same are hereby generally and specifically denied.

4.    Defendants admit so much of ¶¶ 10, 11, 117, and 125 of Plaintiff's Complaint in that Jerry Collins was the Director of LMDC but make no response to the remainder of the paragraphs as the same calls for a legal conclusion, and therefore has not been properly pled and for which no response is required. However, to the extent that such paragraph can be interpreted as asserting any allegation against the Defendants, the same are hereby generally and specifically denied.

5.    Defendants admit so much of ¶ 21 of Plaintiff's Complaint in that Sgt. Ochoa and Ofc. Salman worked shifts on that date but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

6.    Defendants admit so much of ¶ 29 of Plaintiff's Complaint in that Ofc. Salman said she would grab toilet paper but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

7.    Defendants deny ¶¶ 36, 38, 39, 41, 42, 50, 51, 62, 63, 64, 65, 88, 89, 91, 92, 101, 102, 105, 106, 108, 109, 110, 111, 112, 114, 115, 116, 118, 119, 120, 121, 122, 123, 127, 128, 129, 130, 131, 134, 136, 137, 138, 140, 141, 142, 143, and 144 of Plaintiff's Complaint.

8.    Defendants admit so much of ¶ 37 of Plaintiff's Complaint in that Ofc. Salman said something to the effect of "What are you doing" but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

9.    Defendants admit so much of ¶ 40 of Plaintiff's Complaint in that Ofc. Salman that she tried to direct the Plaintiff but denies the remaining allegations in said paragraph.

10.     Defendants admit so much of ¶ 44 of Plaintiff's Complaint in that Sgt. Ochao tased the Plaintiff because she was non-compliant but denies the remaining allegations in said paragraph.

11.     Defendants admit so much of ¶ 45 of Plaintiff's Complaint in that Sgt. Ochao tased the Plaintiff a second time because she was non-compliant but denies the remaining allegations in said paragraph.

12.     Defendants admit so much of ¶ 46 of Plaintiff's Complaint in that Plaintiff was handcuffed but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

13.     Defendants admit so much of ¶ 47 of Plaintiff's Complaint in that after Plaintiff was handcuffed she was taken to the attorney room but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

14.     Defendants admit so much of ¶ 48 of Plaintiff's Complaint in that Sgt. Ochoa said something to the effect of "Who do you think you are?" but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

15.     Defendants admit so much of ¶ 49 of Plaintiff's Complaint in that Sgt. Ochoa told Plaintiff to face the wall but is without sufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations and therefore deny the same.

16.     Defendants state ¶¶ 90, 93, 94, 95, 96, 97, 98, and 98 of Plaintiff's Complaint appear to attempt to recite or restate in part documents and/or reports and therefore the Defendants submit that such documents and/or reports speak for themselves and for which no response is

required. However, to the extent that such paragraphs can be interpreted as asserting any allegations of wrongdoing or liability against the Defendants, the same is denied. Additionally, any additional allegations within these paragraphs are also denied.

17.    The Defendants make no response to those allegations as contained in ¶¶ 100, 107, 113, 124, 132, and 139 Plaintiff's Complaint as those paragraphs are incorporating provisions and do not require a response. However, to the extent that such provisions can be interpreted as asserting any allegation against the Defendants, the same are hereby generally and specifically denied.

18.    Any allegation not expressly admitted is denied, including prayer for relief, specifically the injunctive relief.

## SECOND DEFENSE

19.    Plaintiff's Complaint fails to state a claim and/or cause of action upon which relief can be granted and the same should therefore be dismissed and held for naught.

20.    Plaintiff's Complaint is barred in whole, or in part, by the doctrines of *res judicata* and collateral estoppel.

21.    In addition, or in the alternative, Plaintiff's Complaint is barred, in whole or in part, by waiver, laches, and/or by the applicable statute(s) of limitation.

## THIRD DEFENSE

22.    The Defendants are immune from the liability sought to be imposed upon it by Plaintiff's Complaint, in whole or in part, by and including but not limited to the doctrines of sovereign and/or governmental and/or absolute and/or qualified and/or common law immunity and/or statutory immunity under state or federal law.

23.    At all times mentioned in Plaintiff's Complaint, the Defendants acted in good faith, without malice, and within the scope of their duties.

24.    The Defendants are not liable for its acts or omissions to act while exercising reasonable due care in the execution and enforcement of any law, public duty, or responsibility.

25.    At all times relevant to Plaintiff's Complaint, the Defendants acted reasonably, lawfully, and in good faith such that they are immune from Plaintiff's suit.

26.    At all times set forth in Plaintiff's Complaint, the actions of the Defendants in all respects, were reasonable, proper, legal and without wrongful intent, impact or effect and without malice.

## FOURTH DEFENSE

27.    The Defendants are not liable for exemplary or punitive damages in any sum, or at all.

28.    In addition, or in the alternative, Plaintiff's claims for exemplary or punitive damages are barred by law.

## FIFTH DEFENSE

29.    Any loss or injury claimed or alleged by the Plaintiff was due and caused by his own conduct or own negligence, which conduct or negligence was the proximate cause of any loss or injury alleged by the Plaintiff.

30.    In addition, or in the alternative, any loss or injury claimed or alleged by Plaintiff was caused solely by reason of Plaintiff's own wrongful act(s) and conduct and not by any reason or wrongful act or omission by the Defendants.

31.    In addition, or in the alternative, any loss or injury claimed or alleged by Plaintiff was directly and proximately contributed to or caused by the actions or conduct of persons or

entities other than the Defendants, by the superseding, intervening negligence, intention, conduct or omission of such persons or entities.

## SIXTH DEFENSE

32.     That there has been insufficient process and/or service of process upon the Defendants herein, and the Plaintiff's Amended Complaint should therefore be dismissed and held for naught.

## SEVENTH DEFENSE

33.     Plaintiff's Complaint herein is barred, in whole or in part, by lack of subject matter and/or personal jurisdiction.

## EIGHTH DEFENSE

34.     Plaintiff's Complaint herein is barred, in whole or in part, by improper venue.

## NINTH DEFENSE

35.     Plaintiff's Complaint fails to state a claim for violation of Plaintiff's constitutional rights and/or rights under federal or state law.

## TENTH DEFENSE

36.     The above styled action should be dismissed because the Plaintiff failed to exhaust his administrative remedies through the Louisville Metro Corrections Grievance Procedure, in accordance with the Prison Litigation Reform Act, 42 U.S.C.A. Sec. 1997 (e), et. seq.

## ELEVENTH DEFENSE

37.     The Defendants reserves the right, pursuant to F.R.C.P. 15, to assert additional defenses, whether affirmative or otherwise, about which the Defendants presently lack sufficient knowledge or information, but which may become available during the course of this litigation through discovery or other means, including but not limited to the venue and choice of law to be

applied in this action. Defendants incorporate by reference and adopt as part of this Answer all those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

## **TWELFTH DEFENSE**

38.     The Defendants reserve the right to plead further herein, and specifically reserves the right to amend his Answer to assert any and all affirmative defenses which facts or discovery herein may reveal appropriate.

39.     Any allegation not specifically admitted in this Answer is specifically and generally denied.

**WHEREFORE,** Defendants respectfully request:

1.      That Plaintiff's Amended Complaint be dismissed with prejudice;

2.      Trial by jury;

3.      Their costs herein expended, including a reasonable fee for their attorneys; and

4.      For any and all other relief to which they may appear appropriately entitled.

Respectfully Submitted,
MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ James E. McKiernan, III
James E. McKiernan, III
Assistant Jefferson Co. Attorney
First Trust Centre
200 South Fifth Street, Suite 300N
Louisville, KY  40202
(502) 574-6333
james.mckiernan@louisvilleky.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on May 16, 2024, the foregoing was electronically filed with the clerk of the court by using the ECF system which will send an electronic copy to all counsel of record.

/s/ James E. McKiernan, III