UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NO. 3:24-CV-00277

CHAPRECIOUS TRABUE,                                                                                          PLAINTIFF,

v.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT et, *et al.*,                                                                    DEFENDANTS.

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff has filed claims against Louisville Metropolitan Department of Corrections Director Jerry Collins, Sgt. Ochoa, and Officer Salman, in both their official and individual capacities. Plaintiff has also filed state claims against Louisville/Jefferson County Metropolitan Government ("Metro Government") by filing official capacity claims against the above named individual Defendants.

The official capacity claims against the individual Defendants actually does represent claims against Metro, therefore they are duplicative in this case and as a result thereof they should be dismissed only to the them being duplicative but still leaving Plaintiff's claims against Metro Government active as alleged in her complaint.

Moreover, Plaintiff alleged the Kentucky common law state claims of negligent supervision and training as well as negligence against the Defendant Collins, the director of the Louisville Metro Department of Corrections in his official capacity and Metro Government. Plaintiff also alleged Kentucky common-law causes of actions of assault and battery claims

1

against Sgt. Ochoa and Ofc. Salman in their official capacity. The claims in their official capacity are the same as claims against Metro Government and as such should be dismissed as duplicates only. In this case, the Metro Government is not afforded sovereign immunity because it is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus, or agencies to be able to assert their just claims as herein provided,  and because of this intent Plaintiff's common-law Kentucky negligent claims should not be dismissed as a matter of law.

## STANDARD OF REVIEW

A complaint should be dismissed for failing to state a claim for which relief can be granted when it appears beyond doubt that the complaint sets forth no set of facts, which if proved, would entitle the plaintiff to relief. Federal Rule of Civil Procedure 12(b)(6).

In deciding whether to dismiss a complaint for failing to state a claim for which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 ( 6th Cir.1996).

## ARGUMENT

I.       OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED AS A MATTER OF LAW.

The plaintiff coincides only to the extent with the defendants statement that the official capacity claims against the individual defendants should be dismissed, but only to the reason that they are duplicative and that Plaintiff's claims against the Defendant Metro Government remains active.

II.      ALL STATE LAW CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY MUST <u>NOT</u> BE DISMISSED AS A MATTER OF LAW.

The Kentucky Revised Statue ("KRS") 49.060, states that "[i]t is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus, or agencies to be able to assert their just claims as herein provided. The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, its cabinets, departments, bureaus, and agencies and its officers, agents, and employees while acting in the scope of their employment in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute." KRS 49.060.

The purpose of KRS 49.060 is clear in which it provides the means to enable the Plaintiff, a person who has filed a action for Negligent Supervision and Training and Negligence against

the Defendant Director Collins in his official capacity and Metro Government. Doc. 1, at ¶¶ 124-131; 132-138.

Since the common-law state claims against the individual Defendants are alleged in their official capacity and as a result thereof these claims are the same as claims against Metro government they duplicative but Metro Government are not afforded sovereign immunity for these claims as argued by the Defendants in their Motion for Dismiss. Thus, these claims must not be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that the official capacity claims against the Defendants Collins, Ochoa, and Salman be dismissed as being duplicative only and deny the defendants' request in their motion to dismiss as to the state law claims against against Metro Government being dismissed.

Dated: June 6, 2024.

Respectfully Submitted By,

*/s/ Shaun A. Wimberly, Sr.*
SHAUN WIMBERLY, SR.
Wimberly & Associates, PLLC
325 West Main Street, Suite 1816
Louisville, KY 40202
Tel:   (502) 208-1887
Fax:   (502) 208-1858
Email: shaun_wimberly@icloud.com
COUNSEL FOR PLAINTIFF