UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHAPRECIOUS TRABUE                                                                                       Plaintiff

v.                                                                                    Civil Action No. 3:24-cv-277-RGJ-CHL

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, *et al.*                                                                           Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendants Louisville/Jefferson County Metro Government ("Louisville Metro"), Saja Salman ("Salman"), Juan Ochoa ("Ochoa"), and Jerry Collins ("Collins") (collectively "Defendants") move to dismiss this case in part. [DE 6]. Plaintiff Chaprecious Trabue ("Trabue") responded [DE 9] and Defendants replied [DE 10]. For the reasons below, Defendants' motion, which the Court construes as a motion for partial judgment on the pleadings, is **GRANTED**.

**I. BACKGROUND**

Salman and Ochoa were correctional officers at Louisville Metro Department of Corrections ("LMDC"). [DE 1-2 at 9]. Collins was LMDC's director. [*Id.*]. According to Trabue's complaint, on April 12, 2023, she was arrested on state charges and booked into LMDC. [*Id.* at 10]. The next day, while still in LMDC custody, Trabue alleges she was subjected to excessive force by Salman and Ochoa after multiple requests to the officers for toilet paper in order to use the restroom. [*Id.* at 11–13]. Specifically, she alleges that Salman forcibly snatched her and, while both were on the ground, wrapped her arms around Trabue's neck preventing her ability to breath. [*Id.* at 12]. She further alleges that Ochoa tased Trabue while her hands were secured and then instructed Salman to release her tight grip on Trabue's neck. [*Id.* at 13]. Trabue asserts she was tased a second time before being "violently shoved" by Ochoa into a concrete wall causing "her

left eye to spit [sic] opened [sic] and bleed from the impact." [*Id.*]. After Trabue expressed intent to lodge a complaint against the officers, she was moved to "a single cell commonly known as the 'Hole.'" [*Id.* at 14–15]. As a result of the altercation, Trabue was charged with felony assault. [*Id.* at 15]; *accord* Ky. Rev. Stat. § 508.025. She posted bond and was released. [DE 1-2 at 15]. LMDC, after being subpoenaed for video footage of the altercation, claimed that the footage had been lost or did not exist. [*Id.* at 16–18]. Trabue asserts that Salman's and Ochoa's actions violated Defendants' use-of-force policies. [*Id.* at 19]. She also alleges that this incident fits a broader pattern of excessive force being used at LMDC. [*Id.* at 19–22].

Trabue filed suit in Jefferson Circuit Court in April 2024. The complaint names Salman, Ochoa, and Collins both "individually" and in his or her "official capacity" and also sues Louisville Metro directly. [*Id.* at 6]. There are six numerated causes of action. Trabue asserts Section 1983 claims of (I) "*Monell*-related cause of action" against Louisville Metro, (II) rights "violations" against Salman and Ochoa, and (III) "failure to train and supervise" against Louisville Metro and Collins. [*Id.* at 22–28]. She also asserts state-law claims of (IV) "negligent supervision and training" against Collins, (V) "negligence" against Collins, and (VI) "assault and battery" against Salman and Ochoa. [*Id.* at 28–31]. The complaint seeks compensatory and punitive damages, as well as recovery of Trabue's costs and fees. [*Id.* at 31–32].

Defendants removed the case under this Court's federal-question and supplemental jurisdiction. [DE 1 at 1]. With the instant motion, they seek partial dismissal of Trabue's complaint. [DE 6 at 71]. Defendants also have answered the complaint [DE 7], and the parties have begun pretrial discovery [DE 14].

## II. STANDARD

Defendants' motion is styled as a Rule 12(b)(6) motion to dismiss "for failure to state a claim." [DE 6 at 71]. Because they have answered Trabue's complaint, the motion is considered

one for judgment on the pleadings.[1] *See McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012); *accord* Fed. R. Civ. P. 12(c). The same legal standard applies. *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022). "[A]ll well-pleaded material allegations of the [complaint] must be taken as true, and the motion may be granted only if the moving part[ies are] nevertheless clearly entitled to judgment." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1001 (6th Cir. 2024) (quoting *Moderwell*, 997 F.3d at 659). Any "legal conclusions or unwarranted factual inferences" in the complaint do not control. *Id.* (quoting *Moderwell*, 997 F.3d at 659); *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

### III. ANALYSIS

Defendants' motion asks the Court to dismiss Trabue's official-capacity claims against Salman, Ochoa, and Collins, as well as Trabue's state-law claims to the extent they implicate Louisville Metro. [DE 6 at 71].

**A. Official-Capacity Claims**

Direct claims against a governmental entity and official-capacity claims against its officers are generally redundant. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n.55 (1978). "[S]uing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself." *Lopes v. Louisville-Jefferson Cnty. Metro Gov't,* No. 3:23-CV-503-DJH, 2024 WL 4218016, at *7 (W.D. Ky. Sept. 17, 2024) (quoting *Kraemer v. Luttrell*, 189 F. App'x 361, 366 (6th Cir. 2006). Therefore, "official-capacity claims against individual officers are 'superfluous' when the governmental entity is also named." *Id.* (quoting *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013)); *see also Scott v. Louisville/Jefferson*

---

[1] Defendants may seek partial judgment on the pleadings. *E.g. Threat v. City of Cleveland, Ohio*, 6 F.4th 672, 676 (6th Cir. 2021); *Moderwell v. Cuyahoga Cnty., Ohio*, 997 F.3d 653, 658 (6th Cir. 2021).

*Cnty. Metro Gov't*, 503 F. Supp. 3d 532, 541 (W.D. Ky. 2020) (collecting cases). In *Faith Baptist Church*, the Sixth Circuit affirmed the dismissal of official-capacity claims against an individual agent because the governmental entity for which he was a prosecuting attorney was also a named defendant under Section 1983. 522 F. App'x at 327.

Here, Defendants argue that Trabue's claims—to the extent they are official-capacity claims against Salman, Ochoa, and Collins—are "duplicative" because Louisville Metro is also a named defendant. [DE 6-1 at 74]. Trabue concedes that the official-capacity claims "should be dismissed." [DE 9 at 86, 88]. Accordingly, Trabue's official-capacity claims against Salman, Ochoa, and Collins are dismissed as a matter of law.

### B. State-Law Claims

"Federal courts must apply state substantive law, including immunities, when dealing with supplemental state law claims." *Shepherd v. Floyd Cnty., Kentucky*, 128 F. Supp. 3d 976, 980 (E.D. Ky. 2015) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 80 (1938)). Relevant here, Kentucky law extends the state's sovereign immunity to its counties. *Lexington-Fayette Urb. Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004). As a "consolidated local government," Louisville Metro enjoys that "same sovereign immunity." Ky. Rev. Stat. § 67C.101(2)(e); *see also Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 270 S.W.3d 904, 907 (Ky. App. 2008). This Court has recognized Louisville Metro's immunity numerous times. *E.g. Chelsey Nelson Photography, LLC v. Louisville/Jefferson Cnty. Metro Gov't*, 624 F. Supp. 3d 761, 807 (W.D. Ky. 2022) ("[A]lthough the federal Constitution doesn't extend sovereign immunity to counties, Kentucky law does."); *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 505–06 (W.D. Ky. 2021); *Daugherty v. Louisville-Jefferson Cnty. Metro Gov't*, 495 F. Supp. 3d 513, 519–20 (W.D. Ky. 2020). In short, unless an "explicit statutory waiver" by Kentucky's General Assembly

4

covers Trabue's state-law claims, Louisville Metro is immune to those claims. *See Jewish Hosp. Healthcare Servs.*, 270 S.W.3d at 907; *accord* Ky. Const. § 231.

Defendants invoke Louisville Metro's sovereign immunity. [DE 6 at 71]. They argue that Trabue's state-law claims, to the extent they are claims against Louisville Metro, "must be dismissed as a matter of law."[2] [DE 10 at 91]. In response, Trabue argues that Ky. Rev. Stat. § 49.060 constitutes a legislative waiver of qualified immunity and permits her two state-law negligence claims (Counts IV and V) to proceed. [DE 9 at 88–89]. She makes no similar argument regarding her state-law assault and battery claim (Count VI).

The statute Trabue cites is part of the Board of Claims Act.[3] The Act "constitutes a limited waiver of the Commonwealth's right of sovereign immunity." *Findley*, 690 S.W.3d at 178 (citing *Commonwealth Transp. Cabinet Dep't of Highways v. Abner*, 810 S.W.2d 504, 504 (Ky. 1991)). But for two reasons, that limited waiver does not apply here.

First, the Act is an "administrative scheme" for seeking damages through an administrative process, not a civil cause of action. *Brabson v. Floyd Cnty. Bd. of Educ.*, 862 F. Supp. 2d 571, 577 (E.D. Ky. 2012). It "[a]llow[s] negligence claims to proceed *in the Board of Claims*," not in federal court. *Letcher Cnty. Bd. of Educ. v. Hall*, 671 S.W.3d 374, 380 (Ky. 2023) (emphasis added). "The Act created an entity to investigate [claims] and compensate people." *Shepherd*, 128 F. Supp. 3d at 978. In the provision which Trabue quotes, the Act "waives the sovereign immunity defense *only in the limited situations as herein set forth*" and "otherwise *expressly preserve*[*s*] the sovereign immunity of the Commonwealth." Ky. Rev. Stat. § 49.060 (emphases added).

---

[2] On its face, Trabue's complaint appears to contain no state-law claims against Louisville Metro directly. Counts IV and V implicate Collins; Count VI implicates Salman and Ochoa. [DE 1-2 at 28–31].
[3] In 2017, the Act was recodified as Chapter 49 of the Kentucky Revised Statutes. *Findley v. W. Kentucky Univ.*, 690 S.W.3d 170, 178 n.7 (Ky. App. 2024).

Second, counties—and by extension, consolidated local governments—are "specifically exempted" from the Act's limited waiver of immunity. *Shepherd*, 128 F. Supp. 3d at 978 (citing *Commonwealth of Ky. Bd. of Claims v. Harris*, 59 S.W.3d 896, 900 (Ky. 2001)). Indeed, the Act permits administrative claims against "the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment," but not counties or consolidated local governments. Ky. Rev. Stat. § 49.060; *see also Bd. of Claims of Kentucky v. Banks*, 31 S.W.3d 436, 439 (Ky. App. 2000) ("[T]he Board of Claims Act does not vest jurisdiction in the Board of Claims over counties.").

In short, Ky. Rev. Stat. § 49.060 is not the type of express legislative waiver that would permit state-law negligence claims to proceed against Louisville Metro in federal court. *See Jewish Hosp. Healthcare Servs.*, 270 S.W.3d at 907. The Act does not provide carte blanche to sue Louisville Metro for negligence as Trabue argues. *Cf. Napper v. Hankison*, 617 F. Supp. 3d 703, 750 (W.D. Ky. 2022). Louisville Metro is immune to Trabue's state-law claims.

## IV. CONCLUSION

For these reasons, Defendants' motion to dismiss [DE 6], which the Court construes as a motion for partial judgment on the pleadings, is **GRANTED**. Trabue's official-capacity claims against Salman, Ochoa, and Collins are **DISMISSED**. Trabue's state-law claims, to the extent they are claims directly against Louisville Metro, are **DISMISSED**. Trabue's Section 1983 claims against Louisville Metro and the individual-capacity defendants, as well as her state-law claims against the individual-capacity defendants, remain.

December 10, 2024

Rebecca Grady Jennings, District Judge
United States District Court